Ryan W. Koppelman (SBN 290704)
Katherine G. Rubschlager (SBN 328100)
**ALSTON & BIRD LLP**
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 838-2000
Facsimile: (650) 838-2001
ryan.koppelman@alston.com
katherine.rubschlager@alston.com

*Attorneys for Plaintiff AutoZone IP LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOZONE IP LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>GURJITS SINGH A/K/A GURJIT SINGH A/K/A GURJIT GILL, D/B/A GILL AUTO ZONE,<br><br>        Defendant. | Case No.: 3:20-cv-01472-WHO<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

This matter was brought before the Court upon the Amended Complaint of Plaintiff AutoZone IP LLC ("AutoZone") against Defendant Gurjits Singh ("Singh").  AutoZone and Singh have agreed to settle and resolve all claims that were or could have been brought in the action pursuant to the terms of a confidential written settlement agreement, which provides for the entry of this Consent Judgment and Permanent Injunction (the "Settlement Agreement").

Singh has been advised of his right to be represented by counsel in connection with this lawsuit but has knowingly waived his right to such representation.  He fully understands and freely consents to the Court's entry of this Consent Judgment and Permanent Injunction.

NOW, THEREFORE, by stipulation and agreement of the parties, IT IS HEREBY FOUND, ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1337, 1338 and 1367 because this case arises under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq*.

2. This Court has jurisdiction over AutoZone's state law causes of action pursuant to 28 U.S.C. § 1367(a) and the doctrine of supplemental jurisdiction.

3. This Court has personal jurisdiction over Singh.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Singh resides in this judicial district, a substantial part of the events or omissions giving rise to the claims occurred in this district, and because Singh is subject to personal jurisdiction within this judicial district.

5. AutoZone owns valid and enforceable rights in service marks and trademarks that consist in whole or in part of the terms "AUTOZONE" and "ZONE" for use in connection with a variety of goods and services, including for automotive repair services (collectively the "AUTOZONE Marks").

6. Through years of advertising, promotion, and use, the AUTOZONE Marks are famous.

7. The United States Patent and Trademark Office (the "USPTO") has issued AutoZone numerous registrations for the AUTOZONE Marks, including Reg. No. 2,721,079 for automotive repair services, which is valid, subsisting in law, and was duly and legally issued.

8. Singh owns an automotive repair center located at 2897 El Camino Real, Santa Clara, California 95051 that he operates under the trade name and service mark GILL AUTO ZONE (the "Gill Mark").

9. Singh has advertised the Gill Auto Zone business online and using printed signage.

10. Singh's use of the Gill Mark is likely to confuse the public into believing that AutoZone sponsors or endorses, or is associated or affiliated with, Singh, and Singh's use of the marks dilutes and tarnishes the distinctive quality of the AUTOZONE Marks.

11. Singh's above-referenced actions constitute trademark and service mark infringement in violation of 15 U.S.C. § 1114(1); false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A); trademark federal dilution in violation of 15 U.S.C. § 1125(c); and unfair competition in violation of California common law and Cal. Bus. & Prof. Code § 17200.

12. Singh is hereby ORDERED to cease all use of the Gill Mark, including, but not limited to, on all advertising and promotional materials, signage, banners, receipts, coupons and business cards, websites, social media sites, and all other materials of any kind or nature that bear the Gill Mark, on or before July 31, 2020.

13. Singh and each of his agents, servants, employees and all those persons in active concert or participation with them are hereby PERMANENTLY RESTRAINED and ENJOINED after July 31, 2020 from adopting, owning, registering, purchasing, or using in connection with any automotive-related business any mark or name (including any service mark, trademark, trade name, entity name, domain name, email address, or social media account name) that includes the terms and phrases "autozone," "auto zone," "zone," or any confusingly similar term or phrase.

14. Singh is hereby ORDERED to expressly abandon the fictitious name "Gill Auto Zone" with the Santa Clara County, California Clerk's Office by July 31, 2020.

15. Each party shall bear its own costs incurred in connection with this matter.

SO ORDERED this __11th__ day of __June__, 2020.

_____
UNITED STATES DISTRICT JUDGE

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

CONSENTED AS TO FORM AND SUBSTANCE BY:

| | |
|---|---|
| /s/   Ryan W. Koppelman | /s/   Gurjits Singh |
| Ryan W. Koppelman (SBN 290704) | Gurjits Singh |

**ALSTON & BIRD LLP**
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 838-2000
Facsimile:  (650) 838-2001
ryan.koppelman@alston.com
katherine.rubschlager@alston.com

*Attorneys for Plaintiff*
*AutoZone IP LLC*

## ATTESTATION OF E-FILED SIGNATURE

Pursuant to Civil Local Rule 5-1(i)(3), I, Ryan W. Koppelman, the ECF user whose user ID and password are being utilized in the electronic filing of the foregoing **CONSENT JUDGMENT AND PERMANENT INJUCTION**, hereby attest that I obtained concurrence in the filing of this document from Defendant Gurjits Singh.

Dated:  June 8, 2020                                         /s/  Ryan W. Koppelman